Charles ADAMOVIC, Plaintiff–Appellee,

v.

METME CORPORATION, Daniel Allen, and Steven M. Soble, Defendants–Appellants.

No. 91–2793.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1992.

Decided April 10, 1992.

Wayne B. Giampietro (argued), Witwer, Burlage, Poltrock & Giampietro, Chicago, Ill., for plaintiff-appellee.

Brian W. Bulger (argued), J. Stuart Garbutt, Katten, Muchin & Zavis, Chicago, Ill., Mark London, Robert Vogel, Washington, D.C., Barry L. Kroll, Brigid E. Kennedy, David E. Morgans, Williams & Montgomery, Chicago, Ill., for defendants-appellants.

Before POSNER, FLAUM and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

In January 1989, the METME Corporation hired Charles Adamovic to serve as its President and Chief Executive Officer. METME and Adamovic entered into an employment contract which contained, among other things, an arbitration clause. The relationship soured after just two years and METME's Board of Directors fired Adamovic. He responded by filing a two-count complaint in federal district court, alleging that METME discharged him in violation of the employment contract, and that defendants Daniel E. Allen and Stephen M. Soble, two members of METME's Board of Directors, tortiously interfered with his employment relationship with the company.

After receiving service of process, METME sought to transfer the lawsuit to arbitration. It did so by mailing a "Demand for Arbitration" to Adamovic and by filing three copies of the demand with the American Arbitration Association. This

complied with METME's interpretation of the arbitration clause in its contract with Adamovic, which read as follows:

11.0 *Arbitral Proceedings.* Claims or controversies submitted to arbitration shall be adjudicated through proceedings held in Washington, D.C. Arbitration shall be conducted by a single arbitrator chosen by the parties, provided that, if the parties fail to agree to the appointment of a single arbitrator within thirty (30) calendar days after demand for arbitration, then the sole arbitrator shall be chosen in accordance with the Rules of Conciliation and Arbitration of the American Arbitration Association, which Rules shall, in any event, govern the procedure of the arbitration. The sole arbitrator shall apply such rules of procedure as (s)he thinks appropriate in the circumstances, provided that both parties shall be entitled to representation by counsel, to appear and present written and oral evidence and argument, and to cross-examine witnesses presented by the other party. The sole arbitrator shall not have, nor exercise the powers of *amiable compositeur.* The arbitrator shall provide written reasons for the award. Judgment upon the award rendered may be entered in any court possessing jurisdiction over the arbitral awards.

■ In addition to filing a demand for arbitration, METME filed a motion in federal district court to stay Adamovic's lawsuit pending arbitration. METME asserted that the district court was bound under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (1988) ("the Act") to stay the proceedings as to METME. Soble and Allen joined the motion, maintaining that the court should exercise its discretion to stay the proceedings against them as well because of a substantial overlap of issues. After examining the arbitration clause, the district court denied the motion, ruling that METME and Adamovic had not agreed to allow unilateral submission of disputes to arbitration, and since only one party (METME) sought arbitration, the clause did not take effect. *Adamovic v. METME Corp.*, No. 91 C 13 (N.D.Ill. July 19, 1991). That denial is the sole issue on appeal, a

ruling we review *de novo. Pipe Fitters' Welfare Fund, Local Union 597 v. Mosbeck Indus. Equipment, Inc.*, 856 F.2d 837, 840 (7th Cir.1988).

METME brought its motion under section 3 of the Act, which provides for a stay of legal proceedings when a dispute in federal court is arbitrable pursuant to a contract. 9 U.S.C. § 3. The Act "leaves no place for the exercise of discretion" in these circumstances, mandating that district courts "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). Our task is to determine whether METME and Adamovic agreed, in their contract, to arbitrate this dispute. If they did, the fact that only METME filed a request for arbitration does not matter. The parties' intentions control, *see Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985), and we must determine whether there was a meeting of the minds between METME and Adamovic to arbitrate this dispute. *See, e.g., Shaffer v. Stratton Oakmont, Inc.*, 756 F.Supp. 365, 367 (N.D.Ill.1991).

In METME's view, the phrase, "[disputes] *submitted to arbitration* shall be adjudicated," provides for mandatory arbitration of any dispute submitted to arbitration by *either* party. The clause makes no distinction between claims submitted by one party or both parties and the logical conclusion, in METME's view, is that arbitration would take place if *either* party or *both* parties chose to submit an employment contract dispute to arbitration. Adamovic counters that this language requires arbitration only if *both* parties agree to participate. Under this interpretation, the language at issue is essentially a forum selection clause that identifies the place of arbitration (Washington, D.C.) and the arbitrator (the American Arbitration Association), but only in the event the parties mutually agree to this alternative dispute resolution mechanism. Adamovic insists

**654**

he never agreed to a unilateral submission of disputes to arbitration.

 We cannot say with positive assurance which party has it right. Adamovic conceded at oral argument that the clause is hopelessly ambiguous; METME says, even so, federal policy tips the scales in its favor. It is well established, however, that the federal policy favoring arbitration does not give us license to compel arbitration absent an agreement to do so. *See Mitsubishi Motors*, 473 U.S. at 626, 105 S.Ct. at 3353–54. True, the scales tip in favor of arbitration when we *construe* an arbitration clause, *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983), but only after we find, as an initial matter, that an enforceable arbitration clause exists. *Graphic Communications Union, Local No. 2 v. Chicago Tribune*, 794 F.2d 1222, 1225 (7th Cir. 1986).

Here the clause is equally susceptible to both interpretations. Ambiguities are best resolved by turning to extrinsic evidence, *see, e.g., FDIC v. W.R. Grace*, 877 F.2d 614, 620 (7th Cir.1989), and, accordingly, we vacate and remand to allow the district court to conduct an evidentiary hearing to give METME and Adamovic an opportunity to produce such evidence.

VACATED AND REMANDED.